UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LIONEL COLLINS** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 09-2745** |
| **CLAIBORNE PARISH DETENTION CENTER** | * | **SECTION: "S"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See Title 28, United States Code, Section 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS**

---

[1] Pursuant to Title 28, United States Code, Section 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of a constitutional law that was previously unavailable (Title 28, United States Code, Section 2254(e)(2)(A)(I)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (Title 28, United States Code, Section 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonably jury would have convicted the petitioner (Title 28, United States

**RECOMMENDED** that petitioner's federal application be **DISMISSED WITH PREJUDICE AS UNTIMELY.**

### Procedural History

Petitioner Lionel Collins is a state prisoner incarcerated in Richwood Correctional Center, Monroe, Louisiana. On March 26, 2003, petitioner pled guilty to all sixteen counts of a bill of information charging distribution of cocaine within one hundred feet of a school. Collins was sentenced to serve fifteen years on each count to run concurrently.[2] Petitioner also pleaded guilty as a second felony offender on March 26, 2003, and the Court sentenced him to serve fifteen years as a multiple offender to run concurrently with any other sentence.[3]

On June 26, 2003, the prosecutor motioned the state district court to resentence petitioner because the substance alleged to have been cocaine, in counts one and twelve, was negative for the presence of cocaine. The court allowed petitioner to withdraw his pleas of guilty to counts one and twelve. The prosecutor moved to dismiss counts one and twelve, and amended the multiple bill to charge petitioner as a second felony offender on count two.[4]

---

Code, Section 2254(e)(2)(B)).

[2] See State Record, Vol. 1, minute entry dated March 26, 2003.

[3] Ibid.

[4] See State Record, Vol. 1, minute entry dated June 26, 2003. Also see transcript of the proceedings of June 26, 2003, pages 3-5, which is contained in Volume 1 of the State Record.

2

The court granted the prosecutor's motion and vacated the original sentence on count two only. The petitioner pled guilty to the multiple bill as to count two only and was sentenced to serve fifteen years of incarceration.[5]

Petitioner did not directly appeal his convictions and sentences. However, on February 7, 2007, petitioner filed a motion to correct and/or vacate an illegal sentence because the state failed to prove the elements of the multiple offender statute; that his multiple offender adjudication served no useful purpose of justice because he is only a second offender; and, that he was not informed that he would not be eligible for good time credit. The state district court denied relief on February 28, 2007, via written order which stated among other things, in pertinent part:

. . .

> The court has reviewed the entire record, with close regard for the transcript and the defendant's motion. Upon review, the court concludes that the defendant is not entitled to relief.
>
> A sentence that exceeds the maximum sentence permitted may be corrected at any time. La. C.Cr.P. art. 881.5. The defendant in this case, however, does not assert that he was sentenced to more that the maximum allowable sentence and thus the instant filing is not the proper procedural vehicle for relief.
>
> The court does not reach the merits of this motion because it is procedurally barred. The defendant presents his claim as being governed by the law of illegal sentences which may be raised at any time. La. C.Cr.P. art. 882. Regardless of the caption of his

---

[5]Ibid.

3

pleading, the defendant seeks post-conviction relief. An application for post-conviction relief is defined as "a petition filed by a person in custody after sentence following conviction for the commission of an offense seeking to have the conviction and sentence set aside." La. C.Cr.P. art. 924.

In **State v. Parker,** 711 So.2d 694 (La. 5/8/98), the Supreme Court of Louisiana refused to allow a belated post-conviction application to be treated as a motion to correct an illegal sentence. The Court found that because the defendant's filing did not point to a claimed illegal term in his sentence, he did not raise a claim cognizable in an application for post-conviction relief (if at all). The Court explicitly held that the "at any time" wording of La. C.Cr.P. art. 882 did not apply and that the prescriptive period of post-conviction filings must be imposed.

In the case before the court, the defendant does not point to a claimed illegal term in his sentence. He is not entitled to relief under the provision of La. C.Cr.P. art. 882 or 872. His instant application is governed by the law of post-conviction relief.

Post-conviction relief applications are subject to strict procedural requirements. No application for post-conviction relief may be considered if it is filed more than two years after the judgment of conviction and sentence has become final (unless one of four very restricted exceptions apply). La. C.Cr.P. art. 903.8(A).

The State enhanced the defendant's sentences with a past conviction on June 26, 2003. He did not appeal and therefore his conviction has been final since thirty days after his conviction and sentencing. See La. C.Cr.P. art. 914. The instant application is time-barred and the court will not consider it.[6]

Petitioner filed a second motion to correct and/or vacate an illegal sentence on

---

[6]See State Record, Vol. 1, Order, dated February 28, 2007, pages 1 and 2.

April 27, 2007. The district court denied the motion as repetitive on May 3, 2007.[7] Petitioner filed a supplemental pleading to motion to correct an illegal sentence on December 11, 2007. The district court denied the supplemental motion as repetitive and untimely.[8] On January 23, 2008, petitioner filed a supervisory writ in the Louisiana Court of Appeal, Fifth Circuit, **State v. Collins,** No. 08-KH-53.

The Louisiana Court of Appeal, Fifth Circuit denied the writ application on February 25, 2008. The court explained:

> The trial court erred in determining that the entire Supplemental Pleading to Motion to Correct Illegal Sentence was time barred and repetitive. In Claim #1, relator argues that in the multiple bill proceeding, he received a longer term than as provided in the multiple offender statute, LSA-R.S. 15:529.1. This claim had not been previously raised; moreover, this claim clearly argues an illegal term of the sentence, and hence is not time-barred under LSA-C.Cr.P. art. 882. Claims 2 and 3, however, clearly ask for post-conviction relief and have been raised by relator already; thus, we see no error in the trial court's ruling in this regard.
>
> Relator, however, has not shown entitlement to relief. Contrary to his assertions in the Supplemental Pleading, relator did not originally plead guilty to a violation of LSA-R.S. 40:967 C, but rather 40:967 A, in the original multiple offender proceeding on March 23, 2003. Relator received the agreed upon sentence of 15 years, which falls within the statutory range of 15-60 years, according to LSA-R.S. 15:529.1. When Relator was re-sentenced on June 23, 2003, he again received 15 years on the

---

[7] See State Record, Vol. 1, Order, dated May 3, 2007.

[8] See State Record, Vol. 1, Order dated December 17, 2007.

>enhancement, which is the same amount of time to which he agreed in the plea agreement. Accordingly, relator is not entitled to relief.

**State of Louisiana v. Lionel R. Collins,** No.08-KH-53, (La.App. 5 Cir. Feb. 25, 2008). A copy of the opinion is contained in the State Record Vol.1.

Petitioner next filed for relief in the Louisiana Supreme Court on March 20, 2008. He signed his application verification on March 18, 2008. The Louisiana Supreme Court denied relief on December 12, 2008,[9] citing La. C.Cr.P. art. 930.8; **State ex rel. Glover v. State,** 93-2330 (La. 9-5-95), 660 So.2d 1189; **State v. Parker,** 98-0256(La. 5-8-98) 711 So.2d 994.

Petitioner filed his federal application for habeas corpus relief on January 9, 2009, the day he signed and "dated" his pro se application.[10] Petitioner claims that the acceptance of his guilty plea and guilty plea to the Habitual Offender Act violated the Fourteenth Amendment to the U.S. Constitution.[11] Petitioner further explains his claims as

---

[9]**State ex rel. Lionel R. Collins v. State of Louisiana,** 997 So.2d 558, 2008-0760 (La. 12-12-08). (See State Record, Vol. 2 for a copy of the ruling.)

[10]This January 9, 2009, filing date was ascertained via the Court's use of the federal "mailbox rule." Under this rule, a pleading filed by a prisoner acting *pro se* is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. **Cooper v. Brookshire**, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition, is presumed to be the date he delivered it to prison officials for mailing. *See* **Colarte v. LeBlanc**, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his *habeas corpus* application over to prison officials for delivery to this Court on the date he signed his application); **Magee v. Cain**, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); **Punch v. State**, 1999 WL 56279, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

[11]See Federal Rec., Doc. No. 1, Petition, page 4.

6

follows: broken plea agreement; improper multiple offender adjudication; and, excessive sentences as violative of his Fourteenth Amendment rights.[12]

The State responded that petitioner's application should be dismissed as it was untimely filed.

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner has one year within which to bring his habeas corpus claims pursuant to Title 28, United States Code, Section 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of the time for seeking review.[13]  See Title 28, Section 2254(d)(1) (West 2010), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.  As previously mentioned, petitioner's subject convictions and sentences took place on March 26, 2003, with resentencing on June 26, 2003.  Giving petitioner the benefit of the later date of June 26, 2003, petitioner then had thirty (30) days within which to file a motion for an appeal in connection with his convictions and sentences.  *See* La. Code Crim. P. Art. 914.  Petitioner, however, made no effort to seek a direct appeal.  As such, petitioner's convictions and sentences were rendered final on July

---

[12]See Federal Rec., Doc. No. 1, Petition, pages 7-12.

[13]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996.  **Lindh v. Murphy,** 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

28, 2003, after the thirty (30) days available to lodge an appeal expired.[14] *See* **State v. Francois,** 945 So.2d 865, 870-871 (La. App. 3 Cir. 12/13/06). Accordingly, petitioner had until July 28, 2004, to file for federal relief under the AEDPA.

Petitioner did not file the instant action until January 9, 2009, over four years after his limitation period expired. Thus, petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in Title 28, United States Code, Section 2254(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As noted, petitioner first filed for collateral relief via a motion to correct and/or vacate an illegal sentence on February 7, 2007. By that date, petitioner's federal limitation under the AEDPA had expired. The filing of a State court post-conviction application following the expiration of the federal limitation period limitations period "cannot toll that period because there is no period remaining to be tolled." **Tinker v. Moore,** 255 F.3d 1331, 1333 (11th Cir. 2001). Since Collins' state post-conviction proceedings were started after the limitations period had already expired, Collins is not entitled to any statutory tolling and, unless equitable tolling is available, his federal petition must be denied as time-barred.

---

[14]Since the time for appeal expired on July 26, 2003, which was a Saturday, petitioner would have had until July 28, 2003, a Monday, to file his appeal.

The Fifth Circuit has held that the AEDPA's one-year period of limitations may be equitably tolled, but only in "rare and exceptional circumstances". **Davis v. Johnson,** 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" **Coleman v. Johnson,** 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), quoting **Rashidi v. American President Lines,** 96 F.3d 124, 128 (5th Cir. 1996). "In order for equitable tolling to apply, the applicant must diligently pursue his §2254 relief." *Id.* Moreover, the petitioner bears the burden of establishing entitlement to equitable tolling in the AEDPA context. **Philips v. Donnelly,** 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner offers no basis for equitable tolling prescription nor has this Court's review uncovered any such basis.

### **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal habeas corpus relief filed by Lionel Collins be **DISMISSED WITH PREJUDICE AS UNTIMELY.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation

within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Title 28, United States Code, Section 636(b)91); **Douglass v. United Services Auto. Ass'n**, 79 F. 3d 1415, 1430 (5th Cir. 1996)(*en banc*).[15]

      New Orleans, Louisiana, this  22nd  day of   October  , 2010.

                                  LOUIS MOORE, JR.
                                  United States Magistrate Judge

---

[15]**Douglass** referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, Title 28, United States Code, Section 636(b)(1) was amended to extend that period to fourteen days.